Lois Carole STEVENS, Debtor–Appellant,

v.

Michael D. BAAS, et al., Appellees.

No. 3:95 CV 7603.

United States District Court,
N.D. Ohio,
Western Division.

Dec. 28, 1995.

Mark R. McBride, Toledo, OH, for Lois Carole Stevens.

Thomas M. Balyeat, Cline, Cook & Weisenburger, Toledo, OH, for Michael D. Baas and Joan H. Baas.

## MEMORANDUM OPINION

KATZ, District Judge.

Debtor–Appellant Lois Carole Stevens appeals an order of the Bankruptcy Court granting relief from an automatic stay on the transfer of real property purchased by Appellees at a tax sale. For the following reasons, the Bankruptcy Court's order will be affirmed.

## BACKGROUND

The tax deficiency resulting in the sale at issue accrued between the years 1978 and 1982, when Debtor–Appellant's late husband obtained tax credits for certain investments in what he believed to be a tax shelter program. These credits were subsequently disallowed by the Internal Revenue Service ("IRS"), and Debtor–Appellant's late husband was assessed a tax deficiency of $103,-058.02. Debtor–Appellant was held jointly and severally liable with her husband for the amount of the deficiency pursuant to 26 U.S.C. § 6013(d)(3), because she signed the joint tax return.

On January 25, 1995, Debtor–Appellant's home, located at 4198 Hurley Drive, Toledo, Ohio ("the property"), was sold by the IRS to satisfy part of the tax deficiency. Appellees Michael D. Baas and Joan H. Baas purchased the property for $36,000. Under 26 U.S.C. § 6337(b), Debtor–Appellant was permitted to redeem the property at any time within 180 days after the sale; this redemption period expired on July 23, 1995.

Debtor–Appellant filed this Chapter 13 bankruptcy proceeding on April 3, 1995. Pursuant to 11 U.S.C. § 362(a), an automatic stay issued as to the enforcement of all judgments against Debtor–Appellant.

On July 25, 1995, two days after expiration of the property's redemption period, the IRS executed a deed transferring title of the property to Appellees. Also on July 25, 1995, Debtor–Appellant attempted to redeem the property by personal check tendered to Appellees. Appellees refused Debtor–Appellant's offer, and, on August 1, 1995, moved the Bankruptcy Court for relief from the automatic stay.

Debtor–Appellant opposed Appellees' motion for relief from the automatic stay on two grounds. First, she claimed that the sale of the property was void *ab initio* because she was an "innocent spouse" under 26 U.S.C. §§ 6013(e) & 6653(b), and the property was not subject to IRS foreclosure. Second, she claimed that certain procedural defects in the IRS's conduct of the tax sale rendered the sale void under 26 U.S.C. § 6335.

The Bankruptcy Court granted Debtor–Appellant until August 30, 1995 to produce evidence that there were, in fact, procedural irregularities in the tax sale. In an Order dated September 15, 1995, the Bankruptcy Court found that the sale was executed in the manner prescribed by law, and ordered that the automatic stay be lifted.

The Bankruptcy Court subsequently denied as moot both Debtor–Appellant's request for an evidentiary hearing on the sale and her motion for an order deeming her an innocent spouse.

Debtor–Appellant appealed. Debtor–Appellant raises four points of error on appeal. (1) She argues first that the Bankruptcy Court erred by finding that the tax sale was properly conducted, rendering moot the issue of the innocent spouse defense. (2) She argues next that the Bankruptcy Court erred by shifting the burden of production and persuasion on the validity of the tax sale to Debtor–Appellant instead of the IRS. (3) Third, she argues that the Bankruptcy Court erred by failing to grant Debtor–Appellant's request for an evidentiary hearing on the issues of her status as an innocent spouse and the possibility of procedural defects in the tax sale. (4) Finally, she argues that the Bankruptcy Court erred in its interpretation of 26 U.S.C. § 6334(e), which sets forth special prerequisites for IRS levy on a taxpayer's principal residence.

The Court addresses these arguments below.

### DISCUSSION

*A. Does the Bankruptcy Court's finding that the tax sale was properly conducted render the issue of the "innocent spouse" defense moot?*

■ The Internal Revenue Code makes both spouses jointly and severally liable on the amount of tax owed when a joint return is filed. 26 U.S.C. § 6013(d). An exception to this rule exists when one spouse substantially understates the tax owed because of claim of credit for which there is no basis in fact or law, and the other spouse establishes that she did not know, and had no reason to know, that there was such substantial understatement. 26 U.S.C. § 6013(e). Debtor–Appellant claims that this "innocent spouse" defense applies to her.

As her first point of error on appeal, Debtor–Appellant argues that the Bankruptcy Court decided the issue of her innocent spouse defense and the issue of procedural irregularities in the sale in the wrong order. Since an adjudication that Debtor–Appellant is an innocent spouse under 26 U.S.C. § 6013(e) would relieve her entirely from tax liability, the sale would be void *ab initio*, whatever procedural safeguards might have otherwise attached to it.

■ The Court agrees. The Bankruptcy Court should have determined whether Debtor–Appellant was an innocent spouse. For the following reason, however, the Bankruptcy Court's failure so to determine was harmless error.

■ The Sixth Circuit has held that a spouse's knowledge of the transaction underlying the erroneous deduction or credit precludes her from obtaining innocent spouse status. The test is not whether the spouse knew the *tax consequences* of the transaction, but whether she knew of the transaction *itself*. *Purcell v. Commissioner*, 826 F.2d 470, 472–74 (6th Cir.1987); *accord Bliss v. Commissioner*, 59 F.3d 374 (2d Cir.1995); *Park v. Commissioner*, 25 F.3d 1289 (5th Cir.1994); *Quinn v. Commissioner*, 524 F.2d 617 (7th Cir.1975); *cf. Erdahl v. Commissioner*, 930 F.2d 585 (8th Cir.1991) (knowledge of transaction not an absolute bar to innocent spouse status). Further, if there is any factual or legal basis for the deduction or credit at the time it is taken, *i.e.*, if a fully informed spouse would join in the claim, the innocent spouse defense is not available. *Purcell*, 826 F.2d at 474.

It is evident from the record that Debtor–Appellant cannot be an innocent spouse under this standard. Debtor–Appellant nowhere claims that she was unaware of the transactions into which her late husband entered. All evidence is that she was aware of the transactions and approved of them. Further, she nowhere claims that there was no apparent basis for the tax credits at the time they were taken. Indeed, she claims the opposite. She states that the tax credits were disallowed because of changes in the tax law made some years *after* the credits were claimed. (Mot. for an Order Deeming Debtor an Innocent Spouse, *etc.*, at 2.) Based on Debtor–Appellant's representation that the tax credits had a reasonable basis in law when taken, the Court is compelled to hold that she is not an innocent spouse.

Since Debtor–Appellant cannot be an innocent spouse, it was harmless error for the Bankruptcy Court not to consider this issue.

*B. Is the burden of production and persuasion on the validity of the tax sale on Debtor–Appellant or the IRS?*

■ The Internal Revenue Code makes a deed of sale of real property *prima facie* evidence of the facts therein stated. 26 U.S.C. § 6339(b)(1). While the IRS is held to strict compliance with Internal Revenue Code procedures before a tax sale can be valid, *see Thatcher v. Powell,* 19 U.S. (6 Wheat.) 119, 5 L.Ed. 221 (1821), once the deed of sale is produced, the burden shifts to the party challenging the sale to show that the tax sale was invalid.

■ Debtor–Appellant raised two objections to the validity of the tax sale procedures. First, she claimed that the notice provisions were inadequate because the IRS did not publish notice in a newspaper "generally circulated within the county wherein [the] seizure is made," as required by 26 U.S.C. § 6335(b). The parties agree that the IRS published a notice containing the information specified by 26 U.S.C. § 6335(b) in *The Herald,* a weekly publication. The Bankruptcy Court found as a matter of fact that *The Herald* was a newspaper of general circulation.

Debtor–Appellant points out that *The Toledo Blade* has a wider circulation than *The Herald,* and asks this Court to hold that the Bankruptcy Court was clearly erroneous in its determination that *The Herald* is a newspaper of general circulation, because it is not the most widely circulated newspaper in the area. This the Court cannot do. The statute does not specify that the IRS utilize the most widely circulated newspaper in the area; it requires only that a newspaper of general circulation be used. The Bankruptcy Court's determination that *The Herald* is generally circulated in the county where the property is located is not clearly erroneous.

■ Debtor–Appellant's second objection is that the seizure of her residence was not approved in writing by a district director or assistant director of the IRS. The Internal Revenue Code generally makes the principal residence of a taxpayer exempt from levy. 26 U.S.C. § 6334(a)(13). Levy on a principal residence is permitted only if (1) a district director or assistant director of the IRS personally approves such a sale in writing, or (2) the Secretary finds that the collection of tax is in jeopardy. 26 U.S.C. § 6334(e). In this case, the signature line for the district director in the form approving the sale contains a stamped "acting for," followed by the signature "Joseph Briacombe." Joseph Briacombe was the acting district director at the time the sale was approved.

Debtor–Appellant claims that the signature line "appears to have been signed by Ronald K. Zielinski, the Group Manager in the Toledo District." (Addendum to Mot. for Order Deeming Debtor an Innocent Spouse, *etc.,* at 7.) However, she provides no evidence beyond her speculation that Joseph Briacombe did not, in fact, sign the form. As Debtor–Appellant herself admits, it "is simply speculation as to who signed the Notice of Levy form," (Reply Brief at 2–3.) The conclusion that the signature on the Notice of Levy form is Joseph Briacombe's is not clearly erroneous. In the absence of hard evidence to the contrary, the presumption that the sale was validly conducted stands.

The Bankruptcy Court correctly placed the burden of showing that the tax sale was not validly conducted on Debtor–Appellant. She failed to discharge this burden. Since Debtor–Appellant never rebutted the presumption of validity given in the controlling statute, the IRS was not required to come forth with evidence of the sale's validity.

*C. Should the Bankruptcy Court have granted Debtor–Appellant's request for an evidentiary hearing on the issues of her status as an innocent spouse and the possibility of procedural defects in the tax sale?*

■ As this Court has already held, *supra,* the Bankruptcy Court should have determined whether Debtor–Appellant was an innocent spouse, but this determination could have been made on the record before the Bankruptcy Court. The failure of the Bankruptcy Court to hold an evidentiary hearing was not error.

As to the issue of procedural defects in the tax sale, the Court finds that Debtor–Appellee should have been permitted to present evidence that Joseph Briacombe did not sign

the form that bears his name. Such evidence need not have been presented at an evidentiary hearing, but might have been produced by affidavit or deposition testimony. The Bankruptcy Court did in fact grant Debtor–Appellant until August 30, 1995 to present evidence to sustain her position. During this period, she could have marshaled whatever evidence was available that Briacombe did not sign the Notice of Levy. Her procedural rights were adequately protected.

The Bankruptcy Court found as a matter of fact on September 15, 1995 that the signature was not inadequate. He had available to him all of the evidence produced by Debtor–Appellant to that date. In her appeal and reply briefs of October 19 and November 13, 1995, Debtor–Appellant still has been unable to provide any evidence that the form in issue was not signed by an individual with authority. This Court cannot say that the Bankruptcy Court's failure to provide Debtor–Appellant with an evidentiary hearing denied her due process.

It was not necessary for the Bankruptcy Court to provide Debtor–Appellant an evidentiary hearing on her innocent spouse defense and the validity of the tax sale procedures.

*D. The Bankruptcy Court's interpretation of 26 U.S.C. § 6334(e).*

Debtor–Appellant claims that the Bankruptcy Court erred as a matter of law by holding that the signature of a director or assistant director was not required on the Notice of Levy form. This Court is unable to find any indication that the Bankruptcy Court so held. The Bankruptcy Court's decision appears to rest not on a legal conclusion that such a signature was not required, but on a factual conclusion that an approved signature did in reality appear on the Notice of Levy form. The Bankruptcy Court did not err in its interpretation of 26 U.S.C. § 6334(e).

## CONCLUSION

The Bankruptcy Court committed no reversible error when it granted Appellees'

Motion for Relief from Stay. The Order of the Bankruptcy Court is, therefore, affirmed.

IT IS SO ORDERED.